UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                        04 Cr. 1012 (RPP)

- against -

**OPINION AND ORDER**

JOSE SALDANA,

                        Defendant.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On April 26, 2005, Defendant Jose Saldana filed a motion before Judge Cedarbaum seeking to suppress a .38 caliber gun and other property recovered from a vehicle Mr. Saldana was driving on October 9, 2000. At the October 21, 2005 suppression hearing, Judge Cedarbaum denied the motion with respect to the property found in a bag in the car on the grounds that the police had probable cause to search the car (Supp. Hearing Tr. at 41-44), but reserved judgment on the gun, which was found during a subsequent search of the car at the police precinct. (Id. at 19.) This case has subsequently been assigned to this Judge. For the following reasons, Defendant's motion to suppress the evidence is denied.

**BACKGROUND**

       Jose Saldana is charged in Counts One, Two, Three, Five and Six of Indictment 04 Cr. 1012 with 1) conspiracy to commit robbery (Count One); 2) committing robbery (Counts Two and Three); and 3) Possessing and brandishing a firearm during a crime of violence (Counts Five and Six).

       At the hearing on October 21, 2005, the government established the following facts:

On October 9, 2000, acting on a tip from a confidential informant regarding a conspiracy to commit robbery by men who impersonated police officers, New York City Police Department (NYPD) officers stopped Defendant in his vehicle, and arrested him and his passengers in the Bronx, New York. The police officers conducted an immediate search of the defendant and vehicle, and recovered a duffle bag in the vehicle containing masks, duct tape, radios, a police scanner, police hat, a book for police frequencies, and mace, according to testimony of the police detective responsible for the stop. (Supp. Hearing Tr. at 30-31.) On the orders of a supervisor, the police officers than moved the vehicle to the 48th Precinct. (Id. at 18, 30-32.) The vehicle was again searched at the Precinct, by police officers and a narcotics expert specializing in traps, which are compartments built into a car to hide contraband and firearms. (Id. at 18.) This search, which occurred several hours after the initial arrest, recovered a .38 caliber firearm. (Id. at 19, 33.) At the suppression hearing, the police detective testified that at the time of the stop Saldana had not obeyed an order to place his hands in view but had leaned over as if he was doing something with them around the floor of the car. (Id. at 15.) The police detective also testified that the confidential informant had advised him that the persons he was involved with used traps in their cars to conceal guns and contraband (id. at 19), and that on this day the persons were armed. (Id. at 15.) Judge Cedarbaum declared at the suppression hearing that she found "the officer's testimony reliable and credible." (Id. at 42.)

**DISCUSSION**

The Court has already determined that the initial stop and search of Defendant's vehicle and bag on October 9, 2000, was lawful and conducted with probable cause. The question before this Court is therefore whether police officers must obtain a search warrant to search a vehicle once it has been brought back to the police station or precinct, when presumably any

2

"exigent circumstances" do not exist. This question has been decided conclusively by the Supreme Court in Chambers v. Maroney, 399 U.S. 42 (1970).

In Chambers, the police acted on a tip in a robbery case in stopping a vehicle matching the informers' description. (Id. at 44.) The police arrested the occupants and took the vehicle to the police station, where they searched it and "found concealed in a compartment under the dashboard two .38-caliber revolvers" and some other property. (Id.) Chambers was indicted and convicted of the robberies, and on habeas review he claimed that the search of the vehicle at the police station was unlawful, as it occurred after the arrest and could not be justified as a search incident to an arrest. (Id. at 46-47.) The Supreme Court held that where there is probable cause to make an initial search of a car, "the probable-cause factor still obtained at the station house." (Id. at 52.)

This "automobile exception" to the warrant clause of the Fourth Amendment has been held to justify warrantless searches performed even after any "exigent circumstances" have lapsed, provided there was initial probable cause to search the vehicle. See Chambers, 399 U.S. at 52; Michigan v. Thomas, 458 U.S. 259, 261 (U.S. 1982)("the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant."); United States v. Harwood, 998 F.2d 91, 97 (2d Cir. 1993)(upholding the search of a van at a police command post several hours after the arrest of the occupants and seizure of the vehicle.) The "automobile exception" applies as well to the facts in this case, wherein police officers arrested Defendant Saldana, and took the vehicle back to the police precinct where it was subsequently searched.

3

Considering the officers' belief from the informant that the defendants were armed, Saldana's actions at the time of the arrest, and the informant's tip regarding the traps, it was reasonable for the police officers to search the entire car, and the front passenger area near Saldana where they found the gun.

**CONCLUSION**

For the foregoing reasons, the defendant's motion to suppress evidence is denied.

IT IS SO ORDERED.

Dated: New York, New York
November 15, 2005

Robert P. Patterson, Jr.
U.S.D.J.


**Copies of this Opinion and Order sent to:**

David N. Kelly, U.S. Attorney
Southern District of New York
ATTN: Samidh Guha
       Marcus Asner
One St. Andrew's Plaza
New York, NY 10007
Tel:   212-637-2404/2483
Fax:  212-637-2937


*Counsel for Jose Saldana*
Peter Guadagnino
Hynes Randazzo & Guadagnino
708 4th Ave.
Brooklyn, NY 11232
Tel: 718-499-4975

*Counsel for Francisco Marte Robles*
Lloyd Epstein, Esq.
Epstein & Weil
225 Broadway, Suite 1203
New York, NY 10007
Tel: 212-732-4888

*Counsel for Hector Penaranda*
Lawrence K. Feitel, Esq.
225 Broadway, Suite 2020
New York, NY 10007
Tel: 212-571-5710

*Counsel for Miguel Padilla*
Martin Stolar, Esq.
351 Broadway
New York, NY 10013
Tel: 212-219-1919
Fax: 212-941-0980

*Counsel for Omar Flores*
Allan Haber, Esq.
52 Duane Street., 7th Fl.
New York, NY 10007
Tel: 212-233-4441
Fax: 212-233-4414

*Counsel for Sixto Marte*
Aubrey Lees, Esq.
799 Broadway Suite 541
New York, NY 10003
Tel: 212-477-1899